IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CASE NO.: 1:16-CV-71 (WLS) |
| CORNERSTONE CUSTOM HOME BUILDERS, LLC *et al.*, | : : : | |
| Defendants, | : : | |
| _____ | : | |

**ORDER**

Before the Court is a Motion to Compel Arbitration filed by Defendant Cornerstone Custom Home Builders, LLC (hereinafter "Cornerstone") on June 10, 2016. (Doc. 14.) Plaintiff Great Northern Insurance Company (hereinafter "Great Northern") responded on July 1, 2016 (Doc. 16), and Cornerstone filed a reply on July 14, 2016 (Doc. 18). The Court finds that the Motion to Compel Arbitration is now ripe for review.

**PROCEDURAL BACKGROUND**

Plaintiff Great Northern initiated the above-styled action by Complaint on April 19, 2016. (Doc. 1.) Defendant Syrupcity Concrete Construction, LLC answered the Complaint on May 4, 2016. (Doc. 6.) Cornerstone filed its answer on May 10, 2016. (Doc. 8.) Great Northern's claim against Defendant Mark Johnson was dismissed by joint stipulation on June 13, 2016. (Doc. 15.) The Court has not yet held a discovery and scheduling conference or entered a discovery and scheduling order, but a scheduling and discovery conference has been set for September 13, 2016. (Doc. 19.)

**DISCUSSION**

**I.     Motion to Compel Arbitration**

Plaintiff Great Northern argues that arbitration cannot be compelled only because Defendant Cornerstone has waived its right to enforce arbitration by acting inconsistently

1

with its right to compel arbitration. (*See* Doc. 16.) As Cornerstone notes, Great Northern has *not* argued that the arbitration clause is "unconscionable, overly broad, or otherwise unforceable," that there was a lack of assent on the part of Great Northern's insured to the arbitration clause, that Great Northern is not bound by the arbitration clause, or "that the claims asserted in its Complaint are outside the scope of the arbitration clause." (Doc. 18 at 4; *see* Doc. 16.)

"Arbitration is a matter of contract; therefore, a party cannot be forced to submit to arbitration if he has not agreed to do so." *Order Homes, LLC v. Iverson*, 685 S.E.2d 304, 310 (Ga. Ct. App. 2009). The Court notes, even though Great Northern did not, that Great Northern was not a party to the contract it seeks to enforce. (Doc. 14-2 at 5.) However, in *Order Homes, LLC*, the Georgia Court of Appeals held that "nonsignatories to an agreement may have a right to compel arbitration under the doctrine of equitable estoppel" when the claims arise from the contract containing the arbitration clause and "when the signatory to the contract containing the arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Id.* Here, the roles are reversed. Great Northern seeks to enforce a contract it was not a party to, and Cornerstone, which was a party to the contract, seeks to enforce the arbitration clause. Nevertheless, the Court finds that equitable estoppel likewise apples. Great Northern cannot seek to enforce some provisions of the contract while avoiding others, namely the mandatory arbitration clause. *LaSonde v. CitiFinancial Mort. Co.*, S.E.2d 224 (Ga. Ct. App. 2005) (plaintiff who did not sign promissory note containing arbitration provision was equitably estopped from avoiding arbitration of her claims for breach of that promissory note); *A.L. Williams & Assoc., Inc. v. McMahon*, 697 F.Supp. 488, 494 (N.D. Ga. 1988) ("[A] party cannot have it both ways; it cannot rely on the contract when it works to its advantage and then repute it when it works to its disadvantage.").

The Court therefore considers only the issue of whether Cornerstone has waived its right to enforce arbitration, finding the arbitration clause in the contract Great Northern seeks to enforce binding upon Great Northern. A party waives its right to enforce an arbitration clause when, under the totality of the circumstances, it can be found to have

2

"acted inconsistently with the arbitration right and, in so acting, has in some way prejudiced the other party." *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citation, alteration, and internal quotation marks omitted). Waiver results from a party's "substant[ial] participat[ion] in litigation to a point inconsistent with an intent to arbitrate," which results in prejudice to the other party. *Morewitz v. West England Ship Owners Mut. Protection and Indem. Assoc.*, 62 F.3d 1356, 1366 (11th Cir. 1995). Whether a waiver has occurred is a determination to be made on a case-by-case basis. *Burton-Dixie Corp. v. Timothy McCarthy Constr., Co.*, 436 F.2d 405, 408 (5th Cir. 1971).[1] However, some factors to consider include: (1) whether a party "substantially invokes the litigation machinery prior to demanding arbitration"; (2) "the length of delay in demanding arbitration"; (3) the other party's litigation-related expenses incurred prior to the arbitration demand; and (4) whether "the use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party." *S&H Contractors*, 906 F.2d at 1514; *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1278 (11th Cir. 2012). Ultimately, "the party who argues waiver 'bears a heavy burden of proof.'" *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 n. 17 (quoting *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990)).

Here, Great Northern argues that Cornerstone acted inconsistently with its arbitration right by "spurning [Great Northern's] offer to handle the matter without involving the Court." (Doc. 16 at 5.) Great Northern attached to its response brief a January 13, 2016 letter sent from Great Northern's counsel to a claims adjuster for Cornerstone's insurer, Buildings Insurance Group. (Doc. 16-1.) The letter reads, "Great Northern would be happy to engage in a pre-suit mediation to get the matter resolved, but suit will have to be filed within a few months to preserve the statute of limitations, so there is no time for significant delay." (*Id.* at 2.) The Parties did not resolve the matter via mediation, and Great Northern filed its Complaint in this case on April 19 2016, just before the expiration of the statute of limitations. (Doc. 16 at 3.) Cornerstone answered the Complaint on May 10, 2016, "specifically reserving its rights to arbitration under the applicable contract" and moved to compel arbitration on June 10, 2016. (Docs. 7 at 1, 2; 14.)

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

Great Northern effectively argues that by failing to assert its arbitration right prior to the initiation of this lawsuit, Cornerstone waived its right to arbitration. The Court notes that Great Northern did not explicitly offer to submit to arbitration but rather offered to engage in mediation, which is distinguishable from arbitration. (Doc. 16-1 at 2.) Great Northern points to no case law in support of the position that Cornerstone bore a duty to assert its intent to arbitrate before a lawsuit was filed. Furthermore, the Court finds that Cornerstone did not delay in asserting it rights after this case was initiated. Cornerstone asserted its arbitration rights in its first responsive pleading and filed a motion to compel before a discovery and scheduling conference was even scheduled. (Docs. 7, 14.) No discovery has been conducted; thus, no discovery-related expenses have been incurred, and Great Northern has presumably not yet disclosed any information which could compromise its legal position in arbitration. In stark contrast, the defendant bank in *In re Checking Account Overdraft Litigation*, cited by Great Northern, was found to have waived its right to compel arbitration after it "took [the plaintiff] two trips around the pretrial-motion-and-appeal carousel." 754 F.3d 1290, 1296 (11th Cir. 2014). Likewise, defendant Wells Fargo was found to have waived its arbitration right in *Garcia v. Wachovia Corp.* when it ignored two invitations from the court to file a motion to compel arbitration but moved to compel arbitration a year later after conducting extensive discovery. 699 F.3d at 1279.

Great Northern also argues that the expenses it has borne related to this litigation amount to prejudice. (Doc. 16 at 5, 6.) Great Northern provides no evidence or argument supporting a finding that the expense it incurred in preparing and filing this lawsuit amounts to prejudice. If it were the case that the filing fee and attorney's fees for drafting a complaint alone amount to prejudice, then no party could ever prevail on a motion to compel arbitration. *See Brown v. ITT Consumer Fin. Group*, 211 F.3d 1217, 1223 (11th Cir. 2000) (finding that where "[t]he demand for arbitration was made promptly after the lawsuit was filed," the opposing party "did not incur the delay or expense associated with litigation that might otherwise demonstrate prejudice").

The Court further notes that Great Northern has not contested Cornerstone's assertion that the arbitration clause reaches both Great Northern's contract claim and

4

negligence claim. (*See* Doc. 16; Doc. 14-1 at 5.) Having received no counterargument, the Court adopts Cornerstone's interpretation of the arbitration clause as reaching the negligence claim as well as the contract claim. *Dunn Constr. Co. v. Sugar Beach Condo. Ass'n, Inc.*, 760 F.Supp. 1479, 1485 (S.D. Ala. 1991) ("[T]ort claims may be subject to arbitration, provided that those claims are deemed to fall within the scope of the language of the involved arbitration clause."); *Wise v. Tidal Constr. Co.*, 583 S.E.2d 466, 468-69 (Ga. Ct .App. 2003) ("A party may not avoid a contractual arbitration clause merely by casting its complaint in tort.") (quotations and citations omitted).

The Court finds that Great Northern has not met its burden of establishing that Cornerstone has waived its arbitration right. Cornerstone has not substantially participated in this litigation, unduly delayed in asserting its arbitration right, or caused Cornerstone to incur prejudicial expenses. For those reasons, the Court **GRANTS** Cornerstone's Motion to Compel Arbitration (Doc. 14) as to Great Northern's claims against Cornerstone.

**II.      Motion to Dismiss or, in the Alternative, to Stay**

Cornerstone moves the Court to dismiss or stay Great Northern's claims against Cornerstone in the event arbitration is compelled. (Doc. 14-1 at 9-12.) The Court finds that dismissal is inappropriate under federal law. 9 U.S.C. § 3 ("If any suit or proceeding be brought . . . upon any issue referable to arbitration . . . the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . ."). Furthermore, the Eleventh Circuit favors a stay over dismissal in cases like this one. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992) (finding that the district court "erred in dismissing the claims rather than staying them" and holding that "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration"); *see also United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1270 n. 5 (11th Cir. 2015) (noting that it was not "clear that the district court in *Green Tree* had the authority to enter a dismissal of the plaintiff's substantive claims" upon granting a motion to compel arbitration) (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 84-89 (2000)).

5

The Court finds that a stay is appropriate in this matter and hereby **STAYS** Great Northern's claims against Cornerstone pending arbitration. Great Northern and Cornerstone are **ORDERED** to file a joint status report **no later than Thursday, October 20, 2016** to inform the Court of the status of the arbitration proceedings.

### III.  Negligence Claim against Defendant Syrupcity Concrete Construction

The Court notes that Counts One and Two allege claims against Defendant Cornerstone that have now been stayed by the Court pending arbitration. (Doc. 1 at 4-5.) Count Three, however, alleges a negligence claim against Defendant Syrupcity Concrete Construction. (*Id.* at 5.) The Court hereby **ORDERS** the Parties to submit briefs **no later than Friday, August 5, 2016** addressing whether the claim against Syrupcity should also be stayed while the claims against Cornerstone are arbitrated. No response briefs will be permitted.

### CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant Cornerstone's Motion to Compel Arbitration (Doc. 14) and **STAYS** Plaintiff Great Northern's claims against Defendant Cornerstone pending arbitration. Great Northern and Cornerstone are **ORDERED** to file a joint status report **no later than Thursday, October 20, 2016** to inform the Court of the status of the arbitration proceedings. The Parties are **ORDERED** to submit briefs **no later than Friday, August 5, 2016** addressing whether the claim against Defendant Syrupcity should also be stayed while the claims against Cornerstone are arbitrated. No response briefs will be permitted.

**SO ORDERED**, this 20th day of July, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**